CITY OF LOUISVILLE, A Municipal Corporation, Appellant,

v.

CITY OF ST. MATTHEWS, A Municipal Corporation, Appellee.

Court of Appeals of Kentucky.

July 11, 1958.

Rehearing Denied Oct. 17, 1958.

S. M. Russell, Herman E. Frick, Henri L. Mangeot, Louisville, for appellant.

Wilbur Fields, J. W. Jones, Louisville, for appellee.

WADDILL, Commissioner.

In City of Louisville v. Kraft, Ky., 297 S.W.2d 39, the judgment was reversed with directions to enter a judgment authorizing the City of Louisville to annex certain territory identified as the "business district" of St. Matthews. Judgment was accordingly entered on March 8, 1957.

After entry of judgment but prior to the passage of the ordinance annexing the territory, notice of appeal from the judgment was filed in the Jefferson Circuit Court. A supersedeas bond was executed, and supersedeas was issued and served on the Mayor of the City of Louisville to stay proceeding on the judgment. However, the governing body of Louisville proceeded with the annexation and enacted ordinance No. 93. This ordinance annexed the territory described in the judgment entered in the Kraft case on March 8, 1957.

Thereafter, the City of St. Matthews brought this action under the Declaratory Judgment Act seeking to invalidate the proceedings taken by Louisville to annex the subject territory. St. Matthews urged that ordinance No. 93 was void because it was enacted in disobedience of the order of supersedeas, and that Louisville was precluded by KRS 81.270(2) from proceeding further with the annexation because the voters of St. Matthews on November 6, 1956, rejected a "proposal" for Louisville to extend its boundaries and governmental

services under the provisions of KRS 81.-300–81.360.

The court upheld St. Matthews' contentions and entered a judgment declaring that:

"(1) Ordinance #93, Series 1957, is void and of no effect; (2) the territory involved herein is a part of the corporate area of St. Matthews; (3) the City of Louisville, its officers, agents, and employees, are enjoined for a period of five years from November 6, 1956, from exercising any jurisdiction over any part of the territory involved in this litigation."

To reverse the judgment, Louisville has appealed contending that the circuit court was without jurisdiction to issue the alleged supersedeas and consequently ordinance No. 93 is not void. It is further urged that the instant suit is a collateral attack upon the judgment entered on March 8, 1957, which authorized the subject territory to be annexed by Louisville.

It is our conclusion that Louisville's contentions have merit and that the adjudication of the circuit court was wholly erroneous. First, because the circuit court does not have jurisdiction to grant an order of supersedeas to a judgment entered in accordance with an opinion and mandate of this Court. Drake's Adm'r v. Simonin, 5 Ky. Law Rep. 225; Taylor v. Tibbatts, 13 B.Mon. 177, 52 Ky. [reprint] 141; 83 C.J.S., Supersedeas § 2, p. 892. We accept as sound the statement made by the Supreme Court of Tennessee in Dibrell v. Eastland, 11 Tenn. 507 that "a circuit judge has no power or jurisdiction to grant an order for a supersedeas to the judgments or decrees of this Court, any more than a justice of the county court has power and jurisdiction to cause to be superseded the decrees and judgments of the circuit court." Consequently, it appears from this record that ordinance No. 93 was legally enacted.

Secondly, this action is, in effect, a collateral attack upon the judgment

entered in the Kraft case on March 8, 1957. Inasmuch as the judgment of March 8, 1957 was final, Louisville may annex the territory in question under that judgment, notwithstanding the fact that the voters of St. Matthews rejected the "proposal" for Louisville to extend its boundaries and municipal services under KRS 81.300–81.-360. In the circumstances, the trial court should have dismissed the instant action.

The judgment is reversed, with directions to dissolve the injunction and to enter a judgment in accordance with this opinion.

MOREMEN, C. J., not sitting.