**CITY OF ST. MATTHEWS, Appellant,**

v.

**William H. HARRISON et al., Trustees, Appellees.**

Court of Appeals of Kentucky.

June 14, 1963.

J. W. Jones, Louisville, for appellant.

Albert F. Reutlinger, Louisville, for appellees.

STEWART, Chief Justice.

In the year 1946 the City of Louisville (herein called "Louisville") passed an ordinance proposing to annex the business district of the City of St. Matthews (herein called "St. Matthews"). A remonstrance suit was filed and a long period of delay ensued before this Court, in City of Louisville v. Kraft, Ky., 297 S.W.2d 39, terminated this litigation and authorized Louisville to enact an ordinance annexing that area.

On April 1, 1957, Louisville by ordinance annexed the territory involved. Thereafter, on May 31, 1957, in a declaratory judgment action brought by St. Matthews against Louisville, the annexing ordinance was decreed void by the Jefferson Circuit Court. The latter court also purported to hold that the business district was still a part of St. Matthews and enjoined Louisville from exercising any jurisdiction whatsoever over that area.

On appeal that judgment was reversed and the opinion, after directing that the injunction be dissolved, held Louisville was fully empowered on April 1, 1957, to incorporate the business district into its boundary. See City of Louisville v. City of St. Matthews, Ky., 316 S.W.2d 210.

St. Matthews assessed appellees' property as of April 1, 1957, and as of April 1, 1958, for the payment of ad valorem taxes. Appellees refused to pay the taxes thereafter levied, claiming they are not liable therefor because their property was not within the city of St. Matthews on the two assessment dates. St. Matthews then filed this suit against appellees for a declaration of rights. The trial court found in favor of appellees, and this appeal is from that ruling.

■ Both parties agree that only property situated within the corporate limits of a city on the assessment date can be the subject for the imposition of ad valorem taxes. So our inquiry is narrowed to the question of whether the property of appellees was located within the corporate limits of St. Matthews on the assessment dates in question.

In the City of Latonia v. Meyer, 86 S.W. 686, 27 Ky.Law Rep. 746, certain property was annexed to Latonia, but after the assessment date, which was April 1st. It was held Latonia could not tax the property, the opinion in that case saying: "Only the property situated within the corporate limits of the city on the 1st day of April should have been assessed and required to pay taxes."

A different situation was presented in Miller v. City of Pineville, 121 Ky. 211, 89 S.W. 261. There certain property was removed from the municipality when the city was reduced in size. The City of Pineville had created a bonded indebtedness while the property was within its city limits, and the contention was advanced that the property, even though it was taken from Pineville, could be made to aid "in paying the bonds." The opinion in that case rejected the city's attempt to subject the cut-off property for payments on the bonded indebtedness. It said:

"Neither the organic nor the statutory law of the state provides that the property within the territory stricken from cities of the fourth class shall be required to pay any taxes to the municipality for any purpose."

■ The foregoing authorities clearly indicate that only property within the limits of a city at the time of the assessment and levy for taxes may be required to respond to taxation. Since the holding of the City of Louisville v. City of St. Matthews, cited above, was to the effect that the business district had been properly annexed by Louisville on April 1, 1957, that area could not have been an integral part of St. Matthews at the same time. It would therefore appear that all property lying within the business district must pay ad valorem taxes to Louisville for the years 1957 and 1958.

Appellant relies on the case of City of Winter Haven v. A. M. Klemm & Son, 132 Fla. 334, 181 So. 153, wherein the legislature added an area of land to that city to support its position. The title to the legislative act was later found to be defective, and a parcel of the added territory was stricken from the city. In an action by certain property owners within the severed area, resisting the city's authority to tax them, the court ruled that the city had exercised de facto jurisdiction over the disputed area, which gave it the right to levy and collect taxes on the land embraced therein from the time the legislative enactment became effective to the date the judgment was entered ousting the city of jurisdiction over the land.

Appellant claims St. Matthews had de facto jurisdiction by the reason of the May 31, 1957, judgment, which was binding on everyone until it was set aside or reversed, and that such jurisdiction continued until that judgment was nullified. During that period, St. Matthews maintains, the assessment and collection of ad valorem taxes by it were justified.

In the Klemm case the court clearly held there must first be some authority for conferring de jure jurisdiction before there can be any right to assume or assert de facto jurisdiction. That case stated 181 So. at page 170:

> " * * * If there is a prima facie and presumptively valid statutory de jure municipality, or if there is prima facie and presumptive jurisdiction or authority over an added area to the boundaries of a municipality, there may be de facto municipal existence or jurisdiction. (Case cited.) But if there is no authority for conferring de jure municipal jurisdiction or authority, there can be no de facto jurisdiction or power."

Unquestionably, the case of City of Louisville v. City of St. Matthews, cited above, held that Louisville had de jure jurisdiction over the business district on April 1, 1957; it follows that St. Matthews could not possibly have also had de jure jurisdiction over the same boundary as of the same date. Furthermore, if there was no possibility of or no authority for de jure jurisdiction ever vesting in St. Matthews, then, under the holding in the Klemm case, there could never be de facto jurisdiction over the territory involved.

Wherefore, the judgment is affirmed.